**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-0234-RJC-DSC**

| | |
|---|---|
| JOHN HENRY CALDWELL, III, | ) |
| | ) |
|       Plaintiff, | ) |
| | )    **MEMORANDUM AND** |
| | )    **RECOMMENDATION AND ORDER** |
| v. | ) |
| | ) |
| U.S. FOODS, INC., et al., | ) |
| | ) |
| | ) |
|       Defendants. | ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Plaintiff's Complaint" (document #9), and the parties' associated briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u>, as discussed below.

### I. PROCEDURAL AND FACTUAL BACKGROUND

*Pro se* Plaintiff John Henry Caldwell, III ("Plaintiff") filed this employment discrimination action on May 27, 2015.[1] Plaintiff named his former employer, U.S. Foods, Inc.,

---

[1] Plaintiff did not serve the Complaint until over a year after it was filed – well beyond the time limits imposed by Fed. R. Civ. P. 4(m). Nonetheless, the Court has considered Defendants' substantive arguments that clearly support dismissal with prejudice.

1

("USF"), and individuals Elizabeth Mason and Jake Parks as Defendants.

In April 2015, Plaintiff filed his administrative charge ("the Charge") with the Equal Employment Opportunity Commission ("EEOC") against USF. In the section alleging the basis of discrimination, Plaintiff checked the box citing "retaliation". He did not check the boxes for "race," "sex," or "age" discrimination. In the Charge, Plaintiff stated he was "discharged in [r]etaliation for complaining of unfair work practices in violation of . . . Title VII [of the] Civil Rights Act of 1964, as amended." He stated that he complained about "expectations put on [him] when [he] ha[s] little to no training and unfair work practices." There is no mention of race, sex or age discrimination in the Charge. Plaintiff did not allege that he ever complained to Defendants about any discrimination based upon race, sex, or age.

On May 27, 2015, Plaintiff filed the instant Complaint. Here he alleges that his manager, Mason, did not allow him to apply for a Buyer Trainee position with USF even though he met all of the requirements and had previously worked in that capacity. He alleges that Mason "would not recommend [him] for the position if [he] was only doing it to get out of her department." According to Plaintiff, in November of 2014, another employee who is "a young, white female in her 20s" was allowed to apply for a similar position with no experience as a Buyer. This allegation was never raised in the Charge.

Plaintiff claims that on February 25, 2015, two days after speaking with Mason about applying for the position, he was suspended by Parks. He alleges that he was not given a reason for the suspension. He then alleges that on April 4, 2015, Parks terminated his employment with USF for insubordination. In the Complaint, Plaintiff alleges that Defendants failed to promote him and terminated him because of his race, sex, and age. These are completely different allegations than those contained in his EEOC Charge.

2

Defendants argue that the Court lacks subject matter jurisdiction and the Complaint fails to state claims against them. The Motion to Dismiss has been fully briefed and is now ripe for review.

## II. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff's failure to exhaust administrative remedies under federal anti-discrimination laws is properly the subject of a motion to dismiss under Rule 12(b)(1). See Satterwhite v. Wal-Mart Stores E., L.P., No. 5:11- CV-363-BO, 2012 WL 255347, at *3 (E.D.N.C. Jan. 26, 2012); Brodrick v. Napolitano, No. 3:09-CV-450-FDW-DSC, 2010 WL 3397461, at *4 (W.D.N.C. Aug. 25, 2010).

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Md., Inc., 288 F.3d

124, 132 (4th Cir. 2002); see also 42 U.S.C. § 2000e-5(f)(1).  Prior to bringing a claim under Title VII or the Age Discrimination in Employment Act of 1967 ("ADEA") in federal court, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996); White v. Ctr. for Creative Leadership, 1:15cv281, 2016 WL 1048044, at *4 (M.D.N.C. March 11, 2016). The general purpose behind this requirement is to afford the employer sufficient notice of the alleged violations and avoid unnecessary litigation. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005).  When a plaintiff fails to exhaust his administrative remedies, the federal court is deprived of subject matter jurisdiction.  Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

Furthermore, the scope of a federal action is limited by the contents of the EEOC Charge. Id.  The Fourth Circuit has held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).  Claims that fall outside the scope of the EEOC Charge are procedurally barred. Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995); Beane v. Agape Mgmt. Servs., Inc., No. 3:08-3445-CMC-PJG, 2009 WL 2476629, at *3 (D.S.C. August 11, 2009) (the scope of plaintiff's federal lawsuit is determined by the contents of the Charge; holding that plaintiff's claim for retaliation was subject to dismissal where retaliation was not cited as basis for discrimination in the Charge).

Plaintiff's Complaint pleads claims for wrongful termination based upon race, sex and age in violation of Title VII and the ADEA.  He did not check the boxes labeled "race," "gender," or "age" nor did he mention them in the "Particulars" section of the narrative.   The allegations of retaliation in Plaintiff's Charge are not related to the claims of race, age, and sex discrimination

4

contained in the Complaint. In the Charge, he claims that he was terminated in retaliation for complaining about expectations imposed upon him in his job. Now he is alleging that he was terminated based upon his race, sex, and age. These claims are barred for failure to exhaust administrative remedies and should be dismissed for lack of subject matter jurisdiction.

Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

### B. Claims Against Individual Defendants

Taking the allegations of the *pro se* Complaint as true and construing every inference therefrom in Plaintiff's favor, his Title VII and ADEA claims against the individual Defendants must be dismissed. The Fourth Circuit has consistently held that employees, even supervisors, are not liable in their individual capacities under Title VII or the ADEA. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations"); Birbeck v. Marvel Lighting Corp., 30 F.3d 507, 511 (4th Cir. 1994) (no individual liability under the ADEA). See also Magaha v. W & B Trucking, Inc., 1:15-cv-00159-MOC-DLH, 2015 WL 8759260, at *3 (W.D.N.C. Dec. 14, 2015) (same); Jackson v. Carolinas Healthcare Sys., No. 3:06-cv-279-DCK, 2007 WL 4287749, at *4 (same for Title VII); Bryant v. Locklear, 947 F. Supp. 915, 918 (E.D.N.C. 1996) (no individual liability under Title VII or the ADEA for personnel decisions). Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v.

5

Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

Accordingly, for these reasons as well, the undersigned respectfully recommends that Defendants' Motion to Dismiss Plaintiff's Title VII and ADEA claims against individual Defendants Mason and Parks be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion to Dismiss Plaintiff's Complaint" (document #9) be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d

at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: September 2, 2016

David S. Cayer
United States Magistrate Judge